# CITY OF BIRMINGHAM v. McCONNELL
## et al.

### 6 Div. 150.

Supreme Court of Alabama.

Oct. 5, 1933.

Rehearing Denied Nov. 2, 1933.

W. J. Wynn and James H. Willis, both of Birmingham, for appellant.

440

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellees.

GARDNER, Justice.

The city's motion to dismiss the appeal prosecuted from the probate court to the circuit court was properly overruled. The notices of appeal were not defective for a failure to describe the property. They met the requirements of our decisions, and sufficed for all practical purposes. Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466; Alabama Power Co. v. Herzfeld, 216 Ala. 671, 114 So. 49.

The criticism of these authorities and the objections to the sufficiency of the notices relate to matters of administrative character, well within the control of the trial court, and which may readily be obviated by intelligent supervision over the docketing and trial of the several causes.

The condemnation proceedings were properly brought in the name of the city which is given the express authority therefor (sections 2295, 2296, Code 1923; Gen. Acts 1915, p. 294, § 15), and such authority is in no manner affected or abridged by the act (Gen. Acts 1923, p. 707) creating for cities of this size what is known as a "Park and Recreation Board."

The case of Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, cited by appellees, dealt with an act widely different from that creating the park and recreation board, and one in which the county board was given express authority to exercise the right of condemnation, a power wholly lacking in the above-noted act of 1923.

Considered upon its merits, we gather from brief that the trial court denied the city's right to condemn upon the theory the proof was insufficient to show a bona fide effort to purchase the property from the owner before commencing the proceedings. Unless a bona fide effort to purchase was necessary as a condition precedent to condemnation, it would seem the city made out a prima facie case by the introduction of the resolutions of the city commission and a park and recreation board made Exhibits A and B to the petition. Section 2295, Code 1923; 20 Corpus Juris, 624; Dean v. County Board of Education, supra. And it is also clear that, unless required by constitutional or statutory provision, any attempt to acquire the property by purchase from the owner is not a condition precedent to acquisition by condemnation. 20 Corpus Juris, 892.

Appellees rely upon the following language of section 2296, Code 1923: "The council shall authorize the mayor to attempt to acquire such right by purchase from the own-

er or owners thereof, and, in case of failure to acquire the same by condemnation." In the first place, this proceeding is under the general laws governing condemnation (section 7476 et seq., Code 1923), as expressly authorized under section 2296 of the Code, wherein it is provided that, if such course is pursued, the proceedings shall be governed in every respect by the general laws pertaining to condemnation. Accepting this language at its face value, it appears that the provisions of section 7505, Code, relating to the matter of costs in the event the applicant has tendered to the owner prior to the application for condemnation a sum in excess of that awarded, are wholly inconsistent with any theory that an effort to purchase was a condition precedent to the institution of the proceedings. This for the plain reason that the last-cited statute refers such attempt to the matter of cost only.

But we conclude appellees' position untenable upon the broader ground that the language of section 2296, Code, does not justify the conclusion that such attempt to purchase is a condition precedent to condemnation. It is but an authorization to the mayor to purchase or condemn, but there is nothing indicating that the condemnation proceedings would be void and unavailing unless it be first made to appear there had been a bona fide effort to purchase. Illustrative of appellees' contention is the case of In re Marsh, 71 N. Y. 315, where the statute there considered required that it should appear as a jurisdictional fact that the petitioner "has not been able to acquire title thereto, and the reason of such inability." And the text of 20 Corpus Juris, 893, refers to such statutes as construed in the authorities cited in the note as being mandatory, rendering the proceedings absolutely void in case no attempt is previously made to come to an agreement with the owner.

The Indiana court in Swinney v. Ft. Wayne, M. & C. R. Co., 59 Ind. 205, considering a statute (1 Rev. St. 1876, p. 703, § 14) providing for condemnation proceedings "in case any company * * * is unable to agree for the purchase of any real estate," said: "We think the court did not err in rejecting the first exception to the award. It is not necessary that the appellee should have offered to purchase the land before commencing the proceedings to appropriate it. There are decisions in other States, however, which hold such an exception good; but, upon examination, we find that they rest upon statutes which allow the appropriation to be made by a legal proceeding only upon the refusal of the land-owner to convey upon application of the company desiring to obtain the lands."

So in the instant case it is apparent the language of the statute (section 2296, Code) is not of that positive mandatory character

dealt with in Re Marsh, supra, and the authorities cited in the note to 20 Corpus Juris, 8923, and requiring such an effort to purchase as a condition precedent to the prosecution of condemnation proceedings.

We are therefore persuaded the trial court dismissed the petition upon an erroneous conception of the law, and that the judgment should accordingly be here reversed. It is so ordered.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.