.195 So. 869

**STATE ex rel. BATES v. BAUMHAUER et al.**

**BATES v. STATE ex rel. BAUMHAUER et al.**

**1 Div. 100, 101.**

Supreme Court of Alabama.

May 9, 1940.

Harry Seale, of Mobile, for appellant.

Armbrecht, Inge, Twitty & Jackson, of Mobile, for appellees.

478

BOULDIN, Justice.

These causes, being companion cases between the same parties and involving like questions of law, were submitted together.

They have the same objective as Bates v. Baumhauer, ante, p. 255, 194 So. 520, wherein we held the remedy, if any, was by mandamus.

These proceedings are by mandamus, and we proceed at once to determine the controversy on the merits.

No. 100 involves the constitutionality of an act approved August 25, 1939, No. 289, General Acts 1939, p. 441.

No. 101 involves the constitutionality of an act approved August 18, 1939, No. 246, General Acts 1939, p. 409.

Both acts are amendatory in 'form, and deal with the duties of City Commissioners,

under the Charter of the City of Mobile. A reference to the historical background of this legislation seems to be in order.

Prior to the Constitution of 1901, charters of municipal corporations were usually granted by special acts. Towns and cities organized under general law obtained by special acts such amendments to their charters from time to time as were deemed advisible to meet the needs of growing cities, and their present day activities, governmental and proprietary, as sometimes distinguished.

By Section 104, Subdivision (18), of the Constitution of Alabama, 1901, it is declared: "The legislature shall not pass a special * * * law * * * Amending, confirming, or extending the charter of any private or municipal corporation," excepting acts altering or rearranging boundaries of towns and cities.

Following this, successive Legislatures undertook to enact general laws classifying towns and cities on a population basis and enacting municipal codes deemed adapted to the needs of each class. Compilations of these laws, in whole or in part, appeared in Codes of 1907 and 1923.

In 1911 the Legislature enacted a number of statutes designed to enable cities to adopt a commission form of government, each suited to its class. Among these was the act approved April 8, 1911, General Acts of 1911, p. 330 et seq.

The title to this act reads in part: "An Act to provide and create a commission form of government and to authorize the adoption of the same in all cities and towns in the State of Alabama which now are not, or hereafter may not be, within the influence or operation of any other valid legislative enactment authorizing or adopting such form of government."

As this title indicates, the act was supplemental, intended to provide a commission form of government for cities not within the operation of other acts, when approved by popular vote at an election. In 1915 Sections 4 and 10 of this act of 1911 were amended. Acts 1915, p. 869 et seq.

█ It is averred in the petition, and admitted by demurrer, that the City of Mobile is and was governed by the Act of 1911, as amended in 1915, until the passage of Acts No. 246 and No. 289, whose constitutionality is here in question.

■ The title to Act No. 246 reads: "An Act to amend Section *four* of act entitled" then sets out in full the title of the Act of 1915, with its date of approval. [Italics supplied.]

This is the approved title for acts amendatory of sections of the Code or of former acts. Followed by an enactment setting out the section as amended in full has the effect of writing the amended section in place of the pre-existing section, which is no longer the law in so far as not carried into the amending section. But the Act of 1915 had no section *four*. It contained only three sections, numbered 1, 2 and 3. Appellee insists this, within itself, is fatal to Act No. 246. Appellant takes note of this point.

A reading of Section 1 of No. 246, in connection with Section 1 of the Act of 1915, and Section 4 of the Act of 1911, discloses that the first part of all these sections is in the same language, thus indicating a purpose to amend Section one of the Act of 1915, which in turn amended Section *four* of the Act of 1911.

■■ But is it within the province of the courts to strike out *four* and insert *one* in the title of No. 246? The number of the section being amended identifies the subject of the legislation. It is well said the section identified by number in the title is in fact the subject of legislation, and the amended section must deal only with matter germane to that dealt with in the section being amended. McCoy v. Jefferson County, 232 Ala. 651, 169 So. 304.

For some purposes the title and body of the act may be read and construed together.

But, in view of the purpose of the title, emphasized by Section 45 of the Constitution, we are unwilling to say the court can strike from the title the number of the section amended and insert another in order to give life to a statute, which on its face is abortive in that the title names a section as the subject matter of amendment which in fact has no existence. The purposes of section 45 would be defeated if this act be sustained.

Another grave question arises under Section 45 of the Constitution, if Section one of the Act of 1915, be substituted for Section *four* in the title to Act No. 246. Section 1 of the Act of 1915 fixes the terms of office of City Commissioners thereafter elected in all cities organized and then or thereafter functioning under the Charter of 1911, as amended. The date for election of successors from time to time is governed by the same provisions.

Now, in the Act of 1939, No. 246, these provisions are wholly omitted, and thereby repealed. In lieu thereof a proviso is inserted dealing only with the terms of office of Commissioners in cities having a population of 65,000 or more.

The effect is to leave every city functioning under the Charter of 1911 as amended, and having a population less than 65,000 with no provision of law fixing the terms of office of City Commissioners or the dates for their election. It is difficult to see how any city organized under the Charter of 1911 as amended, and having a population less than 65,000 can function at all if Act No. 246 is a valid enactment. The title to Act No. 246 gave no intimation of a purpose to work these results. Section 45 demands that the subject of the proposed law be clearly set forth in the title.

We must hold this requirement is not met as to the title of Act No. 246.

It appears the City of Mobile is the only city of more than 65,000 inhabitants operating under this Act of 1911 as amended.

Act No. 246 bears all the earmarks of being enacted exclusively on behalf of the City of Mobile, and applicable for the present to that City alone, and that Legislators were probably lulled into acquiescence through the common courtesy extended to local representatives in dealing with local matters. We are impelled to hold this act void because violative of Section 45 of the Constitution in the respects above treated.

Turning to Act 289 (Acts 1939, p. 441) we observe:

The title of this Act is to amend Section 5 of the Act of 1911 (Gen. Acts 1911, p. 330).

The amending Act re-enacts said Section 5 in its entirety, but adds a proviso limited to cities of 65,000 or more population. It is a companion Act with 246, the amendment being applicable, at least for the present, to the City of Mobile only. This proviso, among other things, deals with the division of the functions and powers of the City Government into Departments, assigning certain functions and powers to the Commissioner known as the Mayor-president, and others to each of the associate commissioners. This proviso further sets

up a different method of election of the Mayor-president in cities of 65,000 or more population from that prescribed in original Section 5.

Some grounds of criticism of Act No. 246, are not applicable to Act No. 289.

One ground of attack on this Act is that the amendment incorporated into Section 5 is not germane to that particular section, but deals with a subject expressly covered by other sections of the Act of 1911.

This point is well taken. Section 5 of the original act does not deal at all with the matter of organizing the City Government into Departments and assign departmental duties and powers to the several Commissioners. Section 7 of the Act of 1911 does expressly deal with this subject.

The arrangement of departments in Section 7 is vested in the Commission, while Act 289 undertakes to define the functions assigned to each department and name the Commissioner who shall head such department.

When dealing with amendments to sections of the Code or a Legislative Act, the amendment must be directed to that section which deals with the subject matter of the amendment. Legislators are not called upon to anticipate amendments to a given section not named in the title, by incorporating other and different provisions in an act purporting to amend a section not dealing with the subject matter inserted by amendment. Ex parte Reynolds, 87 Ala. 138, 139, 6 So. 335; Board of Revenue et al. v. Jansen, 224 Ala. 240, 139 So. 358; Kendrick v. State, 218 Ala. 277, 120 So. 142; State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942.

Much argument is devoted to the question of double classification which oftentimes results in a designation rather than a legitimate classification, and thus violates or seeks to evade Section 104, Subdivision (18), as well as Sections 105, 106 and 110.

Whether these provisos in No. 246 and 289 are subject to this infirmity we need not decide. The number of cities in Alabama which adopted this 1911 charter as amended probably could not be ascertained without a survey to ascertain from local records those cities which have by popular vote adopted this charter. Much less can it be known what cities may hereafter elect to adopt such charter, and may automatically pass under these provisos when reaching a population of 65,000 or more.

Other questions, such as the subject matter of one act being so related to that of another that neither can stand without the other, we pass over, since these acts must be held void on grounds stated. The trial court's rulings were in harmony with these views and the judgments in both cases due to be affirmed.

Affirmed.

All Justices concur; KNIGHT, J., not sitting.