32 So.2d 542

LANEY v. JEFFERSON COUNTY.

6 Div. 575.

Supreme Court of Alabama.

Oct. 30, 1947.

Harvey Deramus, of Birmingham, for appellee.

W. H. Brantley, Jr., of Birmingham, for appellant.

614

LIVINGSTON, Justice.

This is a suit by plaintiff, as administrator, under the homicide statute for the negligent killing of plaintiff's intestate. The suit is against Jefferson County and another acting as agent of the county. Jefferson County alone demurred, and it was sustained, leaving the suit to continue against the agent. Plaintiff took a nonsuit to review the ruling on demurrer, and assigns it as error in respect to each count of the complaint.

Counts 1 and 3 allege that Jefferson County was operating a hospital in Birmingham, known as the Jefferson Hospital, as "a proprietary institution, charging certain fees or prices for the use of its services and accommodations to members of the public"; counts 2 and 4 alleged that "Jefferson County owned said hospital and same was conducted and operated at said time as a proprietary institution by the defendants." Counts 3 and 4 in addition alleged that Jefferson County during the time in question "did actually solicit business for Jefferson Hospital in competition with privately operated hospitals which were then and there being conducted for profit and private gain, and that in its activity of soliciting business for said Jefferson Hospital and in competing in said hospital business with private hospitals operated for profit, said solicitations for business Jefferson Hospital were made in counties in the State of Alabama other than Jefferson County and beyond and outside the constitutional boundaries of Jefferson County. Plaintiff further avers that said defendants received money, profit, or gain from said operations and business activities in the State of Alabama, but outside and beyond the constitutional boundaries of the county of Jefferson."

The allegations of fact are admitted by the demurrer for the purpose of determining their legal sufficiency as thus tested, but not the conclusions of the pleader based on these allegations.

While each count alleged that Jefferson County operated the Jefferson Hospital as a proprietary institution, such allegation would not be admitted if the county did not possess the legal authority so to do. A county is a "governmental auxiliary or agency possessing no power and subjected to no duty not originating from the statute creating it." Askew v. Hale County, 54 Ala. 639, 25 Am.Rep. 730. The question of whether the county is operating a proprietary institution is controlled by statutes which authorize it. Therefore the demurrer does not admit that the county was so engaged for that is a conclusion of law which a demurrer does not admit. We must, and do, look to the statutes as construed by this Court to determine that question.

Notwithstanding the provisions of Title 12, section 3, Code, that a county is a body corporate with power to sue and be sued in any court of record, it is nevertheless an arm of the State, and is subject to immunity from suit which the State has, so long as it is engaged in governmental functions as to which no statute authorizes suit. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Montgomery, Sup't. of Banks v. State, 228 Ala. 296, 153 So. 394; Jones v. Jefferson County, 206 Ala. 13, 89 So. 174; Moore v. Walker County, 236 Ala. 688, 185 So. 175.

But when the operation in question is proprietary in its character, and as such authorized by law, it is liable to suit for torts committed by its agents in the exercise of their duties as such. Jones v. Jefferson County, 206 Ala. 13, 15, 89 So. 174; 20 Corpus Juris Secundum, Counties, § 215 p. 1068, note 15; 101 A.L.R. 1167; Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628; Barbour County v. Horn, 48 Ala. 649; First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690.

We are therefore controlled by the single inquiry of whether the law justifies the allegation that in operating the Jefferson Hospital, Jefferson County was engaged in a proprietary business.

In appellant's brief it is stated that we should take judicial knowledge of the fact that it was built and operated under the Act of Alabama of July 26, 1935, see Acts 1935, page 195, and that counsel for appellee will admit this to be true. No objection is made to this statement by counsel for appellee, so we will refer to that Act as a part of the authority for Jefferson County to operate this hospital; though it is doubtful if the complaint alleges sufficient facts, taken alone, to justify that conclusion, since it does not allege when the hospital was acquired or built. But our case of Patterson v. Jefferson County, 238 Ala. 442, 191 So. 681, evidently refers to this hospital, and shows that it was to be built after the enactment above mentioned. See, also, Norton v. Lusk, 248 Ala. 110, 26 So.2d 849.

■■ As we pointed out in that case, all laws in relation to the county hospital must be construed as forming one harmonious plan, none of whose provisions must conflict. But if there is an apparent conflict the last enactment must take precedence. So that the Act of 1935, supra, must be construed in pari materia with sections 1200 and 1201, Code of 1923, or Title 22, sections 189, 190, Code of 1940. See Hamilton v. City of Anniston, 248 Ala. 396, 27 So.2d 857. Section 1200, Code of 1923, and section 189, Title 22, Code of 1940, authorizes a county to establish hospitals within the county for the reception of the sick or infirm, or of persons suspected of having infectious or contagious diseases, and may make all needful rules and regulations for the control and management thereof. Section 190, Title 22, Code b in effect prior to the Act of 1935, supra, provides that any county may make appropriations to aid and maintain sick and wounded persons who are unable to provide for themselves in any hospital maintained for sick and wounded.

The Act of 1935, supra, § 3, authorizes counties (and others) "(b) to operate and maintain any undertaking for its own use and for the use of public and private consumers and users within and without the territorial boundaries of the municipality, (c) to prescribe and collect, rates, fees, tolls, or charges for the services, facilities, and commodities furnished by such undertaking and in anticipation of the collection of such rates, fees, tolls, or charges to issue revenue anticipation bonds to finance in whole or in part the cost of the acquisitions, construction, reconstruction, improvement, betterment or extension of any undertaking and (d) to pledge to' the punctual payment of said bonds and interest thereon all or any part of· the gross or net revenues of such undertaking." An "undertaking" is defined as including "hospitals". Revenue bonds are authorized to be issued. Nothing in the Act indicates that its purpose after paying the expenses of operation and the bonds is to create revenue for the city treasury. Bonds cannot be issued except on a finding that the project serves some public need and is in the public interest. The rates shall be such as to make the undertaking self-supporting.

■ It is evident from the purpose set forth in that enactment and the Code sections, supra, that the law intended to authorize counties to provide for charitable hospitalization for those who are unable to provide it for themselves. To this end, they may make appropriations for that purpose for expenses in privately owned hospitals. We doubt not that under those' statutes a county hospital so established should be operated both for charity and for pay sufficient to defray the expenses of their operation and maintenance, but that they were not thereby authorized to operate such a hospital as a proprietary business or corporate enterprise, or for profit.

This Court held in Jones v. Jefferson County, supra, that the operation of a sewage disposal plant is a governmental function as related to the question now under consideration. And in the case of Moore v. Walker County, 236 Ala. 688, 185 So. 175, it held that a county operating a hospital under the circumstances there stated, was likewise so engaged. In that case, as in this, plaintiff's intestate was a patient for pay, and died as a result of negligence in his treatment. The hospital was maintained, and operated under a local act

616

of the legislature, with authority to receive charity patients, and was authorized to receive fees and charges from other patients. The county was authorized to make appropriations for its maintenance in caring for the sick or others needing hospitalization, and should be operated mainly as a charitable institution, and not for gain or profit, but for patients who are able to pay to fix and collect reasonable charges. The Court stated that in operating the hospital where its needy might receive care and medical attention, Walker County was performing a governmental power expressly conferred by the legislature, and that because the county required and received pay for such of its patients as were able to pay, did not serve to destroy its charitable character or purposes of the hospital, nor convert it into a proprietary institution The same is true in the case of White v Alabama Insane Hospital, 138 Ala. 479, 35 So. 454. The nature of the public business is not controlled by the fact that a charge was made. Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14.

In our case of Tucker v. Mobile Infirmary Ass'n, 191 Ala. 572, 68 So. 4, L.R.A. 1915D, 1167, the Court was not dealing with a hospital operated by a city or county, but the defendant was a corporation and operated the hospital for charity patients as well as pay patients. It was there held that being a charitable hospital, operated not for profit or gain, did not exempt it from liability for negligence. There was no question of the liability of a city or county.

But there is a difference fully established in this State, though that difference is not recognized in some other states. Henderson v. Twin Falls Co., 56 Idaho 124, 50 P. 2d 597, 101 A.L.R. 1151, note 1166. But in considering the decisions of other courts, the law of that jurisdiction should be carefully analyzed.

There are other states which take the position that since a county is but an arm or instrumentality of the state, all its functions are conclusively governmental and none are proprietary. Dillwood v. Riecks, 42 Cal.App. 602, 184 P. 35; Hollenbeck v. Winnebago County, 95 Ill. 148, 35 Am.Rep. 151. O'Brien v. Rockingham County, 80 N. H. 522, 120 A. 254.

We have not gone to that extent in Alabama. But the nature and purpose of the enterprise, and the law which authorizes it, should be carefully considered in each instance to determine its nature in respect to the inquiry here under consideration.

The demurrer was sustained without error.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.