44 So.2d 744

**SOUTHERN LIQUID GAS CO. v. CITY OF DOTHAN.**

4 Div. 566.

Supreme Court of Alabama.
March 2, 1950.

Alto V. Lee, III, and Huey D. McInish, of Dothan, for appellant.

Lewis & Lewis, of Dothan, for appellee.

**STAKELY, Justice.**

This suit was instituted by Southern Liquid Gas Company (appellant) against the City of Dothan (appellee) to recover $2,390.33, alleged to have been illegally exacted from appellant as a privilege license for doing business in the City of Dothan from October 1, 1948 to September 30, 1949. The complaint consisted of seven counts. Count one was the common count for money received to the use of the plaintiff. Demurrer was interposed to each of the other counts, which the court sustained. The plaintiff declined to plead further and on account of these adverse rulings, took a non-suit. Hence this appeal. § 819, Title 7, Code of 1940.

With some variations the allegations of counts 2, 3, 5 and 7 are similar and the averments of counts 4 and 6 are alike. We think the purposes of this appeal will be served if we use counts 2 and 4 for the purpose of discussion. Counts 2 and 4 will accordingly appear in the report of the case.

Recovery under count 2 is based on the theory that a license was exacted from the plaintiff under an ordinance adopted by the municipality prescribing a license against those engaged in the gas distributing business and that the city adopted the ordinance under authority of § 745, Title 37, Code of 1940, as amended by Act of the Legislature, General Acts 1947, p. 238. We set out the statute as follows. "Section 3. That Section 745, Title 37, Code of Alabama 1940 be and the same is hereby amended so as to read as follows: Section 745. Public utilities.—The maximum amount of privilege or license tax which the several municipalities within the state may annually assess and collect of persons, operating (electric, hydro-electric) street railroad, electric light and power companies, gas companies, water works companies, pipe line companies for transporting or carrying gas, oil, gasoline, water or other commodities, gas distributing companies whether by means of pipe lines or by tanks, drums, tubes, cylinders, or otherwise, heating companies or other public utility, incorporated under the laws of this state or any other state, or whether incorporated at all or not, except telephone and telegraph companies, railroad and sleeping car companies, and express companies which are otherwise licensed, shall not exceed three percent of the gross receipts of the business of such persons, in the municipality for the preceding year. Provided that this shall not affect any existing contract, between any municipality and any public utility operating therein, except those provisions of contracts which relate to the amount or basis of the license tax imposed by municipalities on such utilities." Pursuing the foregoing theory it is alleged that the plaintiff is not a public utility and therefore cannot be taxed under an ordinance alleged to have been adopted pursuant to the statute. It is argued that it must be assumed on demurrer that the ordinance was so adopted.

We think the court acted correctly in sustaining the demurrer to counts 2, 3, 5 and 7. The true question to be decided is whether the city has the power to adopt the ordinance. The pleader cannot restrict this question by alleging that the ordinance was adopted under one statute if the city had the right to adopt the ordinance under another statute. A de-

murrer admits the truth of facts well pleaded but does not admit erroneous conclusions of law. Dickerson v. Winslow, 97 Ala. 491, 11 So. 918; Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542. There can be no doubt that the city had ample authority subject to constitutional restrictions to provide a license under the provisions of §. 735, Title 37, Code of 1940. American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880. It is true that the amount of the license tax is the amount provided for in § 745, as amended, according to the allegations of the count but this does not mean that the amount in § 745 could not be used in fixing the amount under § 735.

We do not agree with the contention of the city that the allegations of count 2 show on their face that appellant is a public utility even though this is denied in the count. The statute, § 302, Title 48, Code of 1940, defines "the term 'utility', when used in this chapter, [to] mean and include every person, not engaged solely in interstate business that now or may hereafter own, operate, lease or control * * *. (4) Any plant, property, or facility for the manufacture, storage, distribution, sale or furnishing to or for the public of natural or manufactured gas for light, heat or power or other uses." In discussing subsection (3) of this statute, formerly § 9742(3) of the Code of 1923, this court pointed out that a corporation organized under general laws applicable to all corporations even though it has the power to engage in the utility business, is not a utility until it engages in such service or holds itself out to do so. Alabama Power Co. v. Cullman County Electric Membership Corp., 234 Ala. 396, 174 So. 866. In the foregoing case it was further shown that an essential element of a utility is that it is both serving and is constituted to serve all the inhabitants in the area who comply with reasonable conditions. In the case at bar there is nothing to show that appellant was organized as a utility or is acting as such. The mere fact that it is "a gas distributing company, distributing artificial gas by tanks, drums, cylinders or otherwise" does not show that it must do so upon compliance by its customer with certain conditions.

Count 4 seeks recovery of the amount of the tax on the theory that it is excessive and discriminatory. There is no allegation of fact, except in substance that the license is greatly in excess of the license fee for any other "exhibition, trade, business, occupation or proposition." It is enough to say that for aught that appears appellant may be in a separate classification that is reasonable and there is nothing to show that the license will prohibit, oppress or restrain those of such class. Mere conclusions of the pleader will not suffice in a case of this kind. American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880, appeal dismissed American Bakeries Co. v. City of Huntsville, Alabama, 299 U.S. 514, 57 S.Ct. 122, 81 L.Ed. 380; City of Bessemer v. Bessemer Theaters, 252 Ala. 117, 39 So.2d 658; Singer Sewing Machine Co. v. Teasley, 198 Ala. 673, 73 So. 969.

As previously stated, there is some variation between the allegations of counts 2 and 4 and the other counts but not enough to call for separate treatment. It is not out of place to say that count 1 is adequate to support a case of this kind. City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451; Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.