67 So.2d 4

## LYBRAND et al. v. FORMAN.

### 7 Div. 164.

Supreme Court of Alabama.

Aug. 6, 1953.

McDonald & Moon and J. J. Cockrell, Birmingham, for appellants.

Starnes & Holladay, Pell City, for appellee. .

LAWSON, Justice.

This is a mandamus proceeding instituted in the circuit court of St. Clair County by W. W. and Lena Lybrand, appellants here, to require the appellee, as probate judge of St. Clair County, to vacate an order entered by him as such probate judge in a proceeding filed by the Town of Pell City seeking the condemnation of certain land belonging to the Lybrands.

Upon the filing of the petition for mandamus, it was ordered that alternative writ of mandamus issue to respondent. The alternative writ was duly issued. After the issuance of the alternative writ, the respondent interposed demurrer to the petition for mandamus.

The trial court entered a decree sustaining the demurrer of the respondent probate judge to the petition for mandamus, whereupon petitioners moved for a judgment of nonsuit. Such a judgment was entered and petitioners have appealed to this court. § 819, Title 7, Code 1940.

The sufficiency of a petition for mandamus may be tested by appropriate demurrer. Clark v. Beverly, 257 Ala. 484, 59 So.2d 810; Faircloth v. Folmar, 252 Ala. 223, 40 So.2d 697; Whittington v. Barbour County Board of Education, 250 Ala. 692, 36 So.2d 83; State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433.

A judgment or order sustaining demurrer to a petition for mandamus is not such a judgment as will support an appeal. DuCourneau v. Board of Com'rs of City of Mobile, 17 Ala.App. 627, 88 So. 27. In our opinion in Whittington v. Barbour County Board of Education, supra, it appears that we entertained an appeal from an order or decree sustaining demurrer to the petition for mandamus, but an examination of the original transcript reveals that the judgment appealed from dismissed the petition. The report of the case of State ex rel. Denson v. Howze, supra, discloses that the judgment there appealed from not only sustained demurrer to the petition for mandamus, but also denied the peremptory writ. And in Faircolth v. Folmar, supra, demurrer being sustained to the petition for mandamus, the petitioner declined to plead further and there was judgment dismissing the petition.

Where demurrer is sustained to the petition for mandamus, the petitioner may suffer a nonsuit as provided in § 819, Title 7, Code 1940, and from proper judgment appeal to this court. Such was the procedure followed in State ex rel. Bates v. Baumhauer, 239 Ala. 476, 195 So. 869.

The petition for mandamus alleges in substance as follows:

On June 19, 1951, the Town of Pell City filed its petition in the probate court of St. Clair County "setting forth that it desired to have condemned for certain purposes stated therein certain land belonging to the petitioners [Lybrands]" and praying that the judge of probate of said county appoint three commissioners to review the

land sought to be condemned and to make an award to the owner as compensation.

The Lybrands, owners of the land sought to be condemned, filed a plea in abatement taking the point that the probate court of St. Clair County was without jurisdiction to hear and determine the petition for condemnation filed under the provisions of § 1, Title 19, Code 1940, for the reason that application for condemnation of land may be made to the probate court as provided in § 1, Title 19, supra, only "if there be no other mode of proceeding prescribed by law"; that there is another "mode of proceeding prescribed by law" for the condemnation of privately owned lands by municipalities, namely, that prescribed by §§ 508 and 509, Title 37, Code 1940.

On July 18, 1951, the probate court of St. Clair County sustained the demurrer filed by the Town of Pell City to the plea in abatement.

Under the authority of our holding in Blach & Sons v. Hawkins, 238 Ala. 172, 189 So. 726, appellants had the right to test the interlocutory ruling of the trial court sustaining demurrer to a plea in abatement by mandamus. See Gerson v. Howard, 246 Ala. 567, 21 So.2d 693; Denson v. Board of Trustees, 247 Ala. 257, 23 So.2d 714.

Counsel for appellant seem to take the position that since mandamus is the proper remedy to review the ruling of the probate court, it necessarily follows that the trial court erred in sustaining demurrer to the petition for mandamus for the reason that the petition for mandamus contains averments to the effect that the probate court was without jurisdiction to hear and determine the condemnation proceedings, which averments the demurrer confessed. We quote from brief filed here on behalf of appellants: "By demurring to appellant's petition for a peremptory writ of mandamus the allegation that the probate court was without jurisdiction to hear and determine same [condemnation proceedings] must be taken as confessed."

This position is, of course, untenable. The demurrer to the petition for mandamus does not admit the averments that the probate court was without jurisdiction to proceed with the condemnation proceedings. Such averments are but conclusions of law not admitted by demurrer. Southern Liquid Gas Co. v. City of Dothan, 253 Ala. 350, 44 So.2d 744; Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542; State ex rel. Denson v. Howze, supra. In Clark v. Beverly, supra, we said:

> "The sufficiency of a petition for mandamus may be tested by appropriate demurrer and when so, it is considered more strongly against the pleader. Such petition must establish by clear averments the facts of delinquent official conduct from which arises as a conclusion of law the respondent's legal authority and duty in the premises. Mere conclusions of the pleader, as distinguished from clearly averred facts, will not suffice and are disregarded in testing the sufficiency of the petition. [Authorities cited.]"—257 Ala. at page 486, 59 So.2d at page 811.

The averments of the petition for mandamus are rather meager. Neither the petition for condemnation filed in the probate court, the plea in abatement or the demurrer thereto is made an exhibit to the petition for mandamus.

As we understand the petition for mandamus, the relief sought therein depends entirely upon the averments to the effect that a municipality may not proceed to condemn land under § 1 of Title 19, Code 1940, because there is another procedure provided, namely, that provided by the terms of §§ 508 and 509 of Title 37, Code 1940.

Section 1, Title 19, Code 1940, reads as follows:

> "The State of Alabama, or any county, municipality, the University of Alabama, the Alabama Polytechnic Institute, the Alabama College, or corporation organized under the laws of this state, or any person, or association of persons, proposing to take lands, or to acquire an interest or easement therein, for any uses for

which private property may be taken, may, *if there be no other mode of proceeding prescribed by law,* apply to the court of probate of the county in which such lands, or a material portion thereof, may be situate, for an order of condemnation thereof to such uses. The state may institute and maintain the proceedings herein authorized, in its own name, without giving bond or security or causing affidavit to be made, though the same may be required if the action were between private citizens. The written direction of the governor to the attorney of record is a sufficient authority for bringing the suit." (Emphasis supplied.)

The words which we have italicized above have appeared in the progenitors of § 1, Title 19, back to § 3207 of the Code of 1886, when the right to apply to the court of probate for an order of condemnation applied only to corporations organized under the laws of this state or persons or associations of persons. Section 1712 of the Code of 1896 read exactly as did § 3207 of the Code of 1886. The Code Commissioner of the 1907 Code added the words "county or municipality", thereby giving to those bodies the same rights under the section as were theretofore possessed by corporations and persons or association of persons.

By an act approved September 30, 1919, General Acts 1919, p. 890, the words "the State of Alabama" were added, as was the last sentence of the present section, namely, § 1, Title 19, Code 1940. The Code Commissioner of the 1923 Code seems to have added the words "the university of Alabama, the Alabama polytechnic institute, the Alabama college". Otherwise § 7476, Code 1923, seems to be identical with the 1919 act, supra. Section 1, Title 19, Code 1940, is in the exact language as § 7476, Code 1923.

So it appears that it was in the Code of 1907 that it was first provided that municipalities might apply to the court of probate of the county in which the land sought to be condemned is situate.

Sections 508 and 509 of Title 37, Code 1940, are two of the four sections now comprising art. 8 of Chapter 10 of Title 37 of the Code of 1940, namely, §§ 507–510. The language of these four sections is in all material respects identical with that of §§ 165–167 of Act 797, approved August 13, 1907, General Acts 1907, p. 790. The provisions of §§ 165–167 of the 1907 act, supra, were incorporated in the 1907 Code as §§ 1439–1442.

Sections 508 and 509, Title 37, Code 1940, do provide for the condemnation of lands by municipalities in a manner other than by proceedings in the probate court. These sections, of course, must be considered in connection with § 507, Title 37, supra, which reads as follows:

> "Whenever in the judgment of the council of a city or town, it may be necessary or expedient for the carrying out and full exercise of any power granted by this title, the said town or city shall have full power and authority to acquire by purchase the necessary lands, or rights, easements, or interests therein, thereunder, or thereover, or for the purposes for which private property may be acquired by condemnation, may proceed to condemn the same in the manner provided by this chapter, *or by the general laws of this state, governing the taking of lands or the acquiring of interests therein for the uses for which private property may be taken, and such proceedings shall be governed in every respect by the general laws of this state pertaining thereto,* or by the provisions on the subject contained in this chapter, when the same are followed." (Emphasis supplied.)

The language used in § 507, Title 37, clearly negatives any legislative intent that the procedure prescribed in §§ 508 and 509 of Title 37 is the exclusive manner in which municipalities must proceed to condemn land.

But it seems to be the position of appellants that it is not the language of § 507,

**358**

Title 37, supra, which is determinative of the municipality's right to proceed in the probate court under § 1, Title 19, Code 1940, but that the language of the latter section which we have italicized above expressly precludes the municipality from proceeding thereunder when there is another mode of proceeding provided by law.

This argument overlooks the legislative history of the statutory provisions here involved. Section 507, Title 37, supra, as we have indicated above, is in all material respects identical with § 165 of the 1907 act, supra, which became effective prior to the effective date of the 1907 Code. At the time the 1907 act, supra, became effective municipalities could not proceed under the provisions of law now codified as § 1, Title 19, Code 1940. The 1907 Code Commissioner in preparing that Code, as shown above, inserted the words "county or municipality". He also brought forward into the 1907 Code as §§ 1439–1442 the provisions of §§ 165–167 of the 1907 act, supra. The legislature adopted the Code with those several provisions relating to the condemnation of lands in it. To say that because of the provisions now codified as §§ 507–510, Title 37, Code 1940, a municipality cannot proceed under the law now codified as § 1, Title 19, supra, would charge the lawmakers with uselessly incorporating the words "county or municipality" into § 3860, Code of 1907, the progenitor of § 1, Title 19, Code 1940.

■ We hold that a municipality is not precluded from proceeding in the probate court to condemn land because it also may proceed under the terms and provisions of §§ 507–510, Title 37, Code 1940. This conclusion finds support in our case of City of Birmingham v. McConnell, 227 Ala. 438, 150 So. 342.

The demurrer of the respondent probate judge was properly sustained to the petition for mandamus. The judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.