194 So.2d 853

Preston W. CARTEE

v.

Joe B. HUBBARD, Public Safety Commissioner.

7 Div. 735.

Supreme Court of Alabama.

Feb. 2, 1967.

Jas. F. Hinton and Arthur Burns, Gadsden, for appellant.

Roy D. McCord and Jas. B. Waid, Gadsden, for appellee.

SIMPSON, Justice.

No useful purpose can be served by a full recital of the matter contained herein. Suffice it to note that on July 30, 1965, appellant filed a petition for an alternative writ of mandamus alleging that appellee is "now failing and refusing to install your plaintiff as Chief of Police of the City of Gadsden, Alabama". Thereafter on January 5, 1966, he filed an amendment to this petition adding an additional paragraph 4–A, which had the effect of alleging that appellant had served as Chief of Police and continued to so serve until the appellee ordered him "to report to Captain Joe Stallings at 7:00 A.M. on August 26 to be as-signed by him your duties until further ordered".

Appellee filed a motion to quash the petition and the petition as amended. The motion to quash contained many grounds. The court sustained the motion and entered a decree dismissing the petition on January 12, 1966. Thereafter appellant filed a motion to set aside the order of dismissal and asked the court's permission to amend the original petition, either by dismissing the amendment thereto so that the matter "could proceed on the original petition" or, in the alternative being allowed to amend "the amendment by adding thereto such verification as may be required by law".

On February 8, 1966, after oral hearing on appellant's motion to set aside the order of dismissal, the court denied the same, stating in the decree that "Plaintiff [appellant] did not, nor did his attorney, make any request orally or in writing to the Court for leave to amend the petition of the Plaintiff in this cause nor offer an amendment to the Court prior to the entry of the order of dismissal on January 12, 1966".

From the decree dismissing the petition this appeal is taken.

Appellant assigns as error the court's granting appellee's motion to quash and the dismissal of appellant's petition and the denial of appellant's motion to set aside this order of dismissal.

Obviously there was no error in the court's granting the motion to quash if the petition was defective and such defect was pointed out in the motion. This court has held many times that the sufficiency of a petition for an alternative writ of mandamus may be tested by demurrer (Clark v. Beverly, 257 Ala. 484, 59 So.2d 810; Lybrand v. Forman, 259 Ala. 354, 67 So.2d 4; Ex Parte Alphonse, 261 Ala. 177, 73 So.2d 727) or by motion to quash (Ex parte Jackson, 212 Ala. 496, 103 So. 558). The usual rule that when so tested the

petition is construed most strongly against the pleader is applicable. Clark v. Beverly, supra. We think clearly when so tested, it is apparent that the petition as amended is defective here.

■ If tested by demurrer, and if the demurrer is sustained, the petitioner may suffer a non-suit as provided in Title 7, § 819, Code, and from proper judgment appeal to this court. State ex rel. Bates v. Baumhauer, 239 Ala. 476, 195 So. 869. But where the court also enters a judgment dismissing the cause, an appeal may be taken from that judgment. Jordan v. Clarke-Washington Electric Membership Corp., 262 Ala. 581, 80 So.2d 527.

■ While the position of appellant here is not entirely clear and far from succinctly stated, we gather that he complains not so much of the court's granting appellee's motion to quash and dismissing the petition, but rather what he describes as its failure to permit him to amend his petition either by striking his first amendment or in some other fashion. We can give him no comfort. As noted in Jordan v. Clarke-Washington Electric Membership Corp., supra, "If the petition was subject to the demurrer [or motion to quash] interposed, and petitioner desired to amend again *he should have so indicated*. Failure to do so justified a judgment of dismissal". (Emphasis added.) Here the trial court specifically found that no offer to amend was made. There was no error then in dismissing the petition.

We will not burden the reports with a further recital of matter contained in the petition. We note only that we agree with the trial court that it was defective in particulars pointed out by appellee. It being properly dismissed it follows that there is now nothing to amend and the decree of February 8, 1966 is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.