# Malone *v.* Escambia County.

*Action against County for Medical Services rendered to a Prisoner in Jail.*

1. *Liability of county for medical attention to a prisoner ·confined in jail.*—Section 1471 of the Code of 1886, (Code of 1896, § 3239), providing that whenever an insolvent prisoner confined in a county jail on a criminal charge, becomes sick, the sheriff or jailer must give notice thereof to the probate judge, who must furnish, at the county's expense, medical attention for such prisoner, and section 4542 of the Criminal Code of 1886, (Cr. Code of 1896, § 4953), providing that the sheriff or jailer must furnish, at the county's expense, medical attention to the prisoners in the county jail, who are unable to provide therefor, are not inconsistent and repugnant to each other, but must be read together; and the county is liable for such medical attention therein provided for, whether engaged by the probate judge or by the sheriff or jailer.

2. *Same; sufficiency of complaint in a suit therefor.*—In order to maintain an action against a county for medical attention to a prisoner in jail under the statute (Code of 1886, §§ 1471, 4542; Code of 1896, §§ 3239, 4953), the plaintiff must aver in his complaint and prove that the services were rendered to a prisoner who was confined in jail upon a criminal charge, and that he was unable to provide such services for himself, or was in a destitute condition; and a complaint which does not contain such averments is insufficient and subject to demurrer.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN MOORE.

This was an action brought by H. H. Malone against the appellee, Escambia county; to recover of the defendant for professional services rendered by the plaintiff to one Tom Dower. The first and second counts of the complaint, as originally filed, were upon the common counts for money due on an account, and for work and services performed.

The third count of the complaint was as follows: "Third. The plaintiff further claims of the defendant the sum of forty dollars for professional services as physician and surgeon for a prisoner, Tom Dower, by request of James McMillan, who then and there was the

sheriff of said Escambia county, and had and held the said Tom Dower under arrest on a legal warrant at the time said attendance and service was performed. Plaintiff avers that said Tom Dower was then, when the service was performed, and now is insolvent and unable to provide this medical attention for himself, and plaintiff further avers that the account herein sued on, duly itemized and legally sworn to by the claimant, was on the 6th day of January, 1896, presented to the court of county commissioners of said Escambia county with request that the same be allowed and passed to warrant by it, and the same was rejected by said court of county Commissioners. Wherefore plaintiff brings his suit for said forty dollars with the interest due thereon." To the third count of the complaint the defendant demurred upon the following grounds: "1st. The third count fails to state that the man Tom Dower was confined in the county jail upon a criminal charge at the time services sued upon were rendered. 2d. Third count fails to state that the plaintiff was employed by the defendant's probate judge who alone has the legal authority to bind the defendant by employing physicians for sick prisoners. 3d. It affirmatively appears upon the face of the complaint that the plaintiff has no cause of action, and that the defendant is not liable for the services sued upon." This demurrer was sustained, and the plaintiff amended his complaint by adding a count numbered five, which was as follows: "Plaintiff claims of the defendant the sum of forty dollars for this: that during the month of September, 1895, James McMillan, sheriff of said county, with lawful warrant of arrest, did arrest or endeavor to arrest and take into custody, pursuant to said warrant of arrest, one Tom Dower, who then and there resisted said arrest and was severely shot, wounded, arrested and taken into custody by said Sheriff James McMillan, who immediately summoned plaintiff, a practicing physician and surgeon, and directed him to attend said Dower and render him, the said prisoner, all necessary medical aid and attention, and charge the same to the county of Escambia. Plaintiff avers and alleges that pursuant to the above stated request that he attended to the said prisoner, Dower, during the time he was under the custody and arrest of said sheriff and rendered him all the necessary and professional medical aid and

surgical attention and services; said services being of the value of forty dollars, as shown by an itemized account hereto attached, which sum, with the interest thereon, is still due and unpaid." To this fifth count of the complaint, the defendant demurred upon the ground that it "fails to state that the plaintiff was employed by the defendant's probate judge who alone has the legal authority to bind the defendant by employing physicians for sick prisoners." This demurrer to the fifth count was sustained.

The defendant also demurred to the complaint as a whole upon the following grounds: "1st. The complaint does not show that prisoner, Tom Dower, was confined in the county jail at the time services sued upon were rendered. 2d. Complaint nowhere shows that the plaintiff was hired by the judge of probate of said county. 3d. It affirmatively appears upon the face of the complaint that plaintiff has no cause of action, and that defendant is not liable for said services rendered." This demurrer was likewise sustained.

. The plaintiff declined to plead further, and judgment was rendered for the defendant. From this judgment the plaintiff appeals, and assigns as error the rulings of the court in sustaining the several demurrers interposed to the complaint and to the several counts thereof.

DAVIDSON & SMITH, for appellant.—The cause of action stated in the plaintiff's complaint and the several counts thereof was sufficient under section 4542 of the Code of 1886. This section was in no wise repealed by section 1471. The act as originally passed was neither repugnant nor in conflict with it. Section 4542 was intended to be an aid to or parallel with section 1471 in the sense that when the probate judge failed to employ a physician, the sheriff or jailer could do so. Therefore, any unable person, as in this case, who is deprived of his liberty against his will, and in custody of the sheriff or other officer of the law, is a prisoner under this section, and entitled to its benefits, whether confined in jail or not. Under the numerous decisions of this court, unless it appears and is clearly manifest that the Legislature so intended, repeals by implication are not favored and will not be decreed.—*Abernathy v. State*, 78 Ala. 411; *Jackson v. State*, 76 Ala. 26; *Herr v. Seymour*, 76

[Malone v. Escambia County.]

Ala. 270; *Joseph v. Cawthorn*, 74 Ala. 411; *Cook v. Meyer Bros.*, 73 Ala. 580; *Riggs v. Brewer*, 64 Ala. 282; *Parker v. Hubbard*, 64 Ala. 203; *Iverson v. State*, 52 Ala. 170; *Horton v. Commissioners*, 43 Ala. 598; *Magruder v. State*, 40 Ala. 347.

LEE & LEE, *contra.*—Counties are not subjected to a general liability to suit. They can only be charged with such expenses as are authorized by law; their liabilities are the mere creatures of statute, and in this case unless there is some statute which authorized the sheriff to employ the plaintiff, there is no obligation resting on the county to pay the claim for which this suit is brought. *Van Eppes v. Commissioners' Court of Mobile*, 25 Ala. 460; 4 Am. & Eng. Encyc. of Law, p. 359; *Askew v. Hale County*, 54 Ala. 639. Under the law as embodied in the Code of 1852 (§§ 3846 & 3847) our Supreme Court decided in the case of *Mitchell v. Tallapoosa County*, 30 Ala. 130, that the law made provision for the support of prisoners confined in jail, but as there was no statute authorizing the sheriff to employ physicians for and furnish medicine to such prisoners the county was not liable for such services, rendered at the request of the sheriff, to prisoners confined in jail who are shown to be insolvent; nor for services rendered to a slave, although it was shown that such services were necessary for his life and health.

In the Code of 1886, there are two sections, 1471, 4542, which are in direct conflict as upon whom the duty devolves to employ physicians for insolvent, sick prisoners confined in the county jail. Section 1471 makes it the duty of the probate judge, while section 4542 says it shall be the duty of the sheriff. These two sections being in conflict and repugnant, both cannot stand, but the last enacted must repeal the former.—*Gunter v. State*, 83 Ala. 96; *Zaner v. State*, 90 Ala. 651.

HARALSON, J.—By the Code of 1852, there was no provision by which the county was liable for medical services rendered at the request of the sheriff to insolvent prisoners confined in jail.—*Mitchell v. Tallapoosa County*, 30 Ala. 130.

By an act approved February 14, 1856 (Acts of 1855–56, p. 137), it was provided, that whenever any person was

confined in jail who required medical attention, the
sheriff or jailer should procure such medical attention;
and it was made lawful for the commissioners' court of
each county to allow physicians reasonable fees for at-
tending insolvent prisoners in the county jail. The pro-
visions of this statute—of 1856—were carried substan-
tially into the penal Code of 1866, as section 243, and
made to include clothing and bedding; and this section
was again carried into the subsequent Codes of 1867,
1876 and 1886, as sections 3791, 4493 and 4592, respec-
tively.

An act was approved February 14, 1860 (Acts of 1859-60,
p. 72), for the benefit of insolvent white persons confined
in jail on any criminal charge, the provisions of which
act were carried into the Codes of 1867, 1876 and 1886,
as sections 1468, 1749 and 1471, respectively, with the
word, "white," before the word "person," omitted in
the two last Codes, so as to make the statute refer to all
persons alike, slavery having been abolished. It was
confined to indigent white persons in the beginning, be-
cause all persons able to do so were required to defray
their own expenses while confined in jail, and masters
of negro slaves were supposed to be able to pay for
them.

We then have the sections of the Code of 1886, which
read: "1471 (1749). *Sick prisoners in jail.*—Whenever
any insolvent person, confined in jail in any county of
this State on any criminal charge, becomes sick and re-
quires medical attention or medicine, the sheriff or jailer
of the county must give notice to the probate judge of
the county of the condition of such person, and the pro-
bate judge must, on receiving such notice, or on receiv-
ing information in any other manner of the sick and
destitute condition of such person, employ a physician,
and furnish medicines as may be by him prescribed for
such sick person, and the reasonable expenses of such
medical attendance and medicines shall constitute a
valid claim against the county." (Code of 1896, §
3239).

"4542 (4493). *Necessary clothing, medicines, etc., to
insolvent prisoners.*—Necessary clothing and bedding
must be furnished by the sheriff or jailer, at the expense
of the county, to those prisoners who are unable to pro-
vide them for themselves; and also necessary medicines

and medical attention to those who are sick, who are
unable to provide them for themselves.'' (Code of 1896,
§ 4953).

These two sections in their present form, as stated
above, have been in the last two Codes, at the time of
their enactment, and the latter section, as to medicines
and medical attendance, has been in existence since
1855–56. Their continuance in these Codes, indicates
an indisposition on the part of the legislature to repeal
either, but to give them both effect.

When reading the two sections together, taking into
consideration the history of their respective enactments
and continuance in the Codes, it cannot be doubted that
the duty imposed by them, may be performed either by
the sheriff or the probate judge. It may be, that it
would be better, ordinarily, for the sheriff to comply
with the provisions of the first named section, and allow
the judge of probate to act in the premises; but if he
should not do so, for any reason, the liability of the
county for medicines and medical attendance provided
by him, under circumstances allowed by the latter sec-
tion, would be no less binding on the county than when
supplied by the probate judge under the former section.

Sections 4535–4555 of the Criminal Code of 1886 (Code
of 1896, §§ 4946–4966), having reference to imprison-
ment in the county jail, prescribe that the sheriff has
the legal custody and charge of the jail and of all pris-
oners committed thereto (except as otherwise provided
by law), and may appoint a jailer, for whose acts he is
responsible, and also what persons may be confined in
jail; and in the section above referred to—1471—under
which the probate judge is required to employ a physi-
cian and furnish medicines to indigent persons, the
requirement is, ''to any insolvent person confined in
jail,'' etc. It is plain that the statutes make provision
only for prisoners who have been lawfully committed to
and are confined in jail, or in some other place in the
stead of the jail, when prisoners are removed on account
of fire or ill health, under the provisions of 4544 and
4545 of the Code.

A fifth count was added by way of amendment. To
the complaint as a whole, as appears from the judgment
entry, the demurrer was interposed, on grounds among
others, that the several counts in the complaint fail to

state that the man, Tom Dower, was confined in jail on a criminal charge at the time the services were rendered to him ; and that it appears on the face of the complaint, that the plaintiff has no cause of action against the county for the services rendered by plaintiff.

When suit is brought under either of said sections, the complaint should show that the services were rendered or medicines furnished to a prisoner in jail, and that he was unable to provide such services and medicines for himself, or was in a destitute condition. Without such averment, it would not appear that it contained any cause of action against the county.

The demurrer was well sustained. The plaintiff declined to plead further, and judgment was rendered in favor of defendant. In this there was no error.

Affirmed.