BRADLEY, Judge.
This case concerns the liability of a county to pay an indigent’s medical expenses when the indigent is injured incident to a lawful arrest.
In August 1975 deputy sheriffs in Limestone County observed an automobile being driven in the wrong lane of a public road. An effort was made to stop the vehicle. Finally the driver of the vehicle stopped it in the driveway of a private residence. The driver, Crabtree, got out of the vehicle and was told by one of the deputies that he was under arrest. During the effort to place Crabtree in the police car, Crabtree got away from the deputy and ran toward the house yelling that he was going to get a gun and kill the deputies. Crabtree obtained a rifle and approached one of the deputies, saying, “I’ll kill you, you s. o. b.” The deputy told Crabtree to drop the gun, but he refused and the deputy fired over his head. Crabtree continued to approach and threaten the deputy. The deputy then shot Crabtree down, injuring him severely.
The deputy called an ambulance to the scene'. When the ambulance arrived, the sheriff told the ambulance driver that the county would not be responsible for Crab-tree’s medical bills. Crabtree was taken to Athens-Limestone Hospital accompanied by a sheriff’s deputy, but was transferred to Huntsville Hospital. Crabtree later died in the hospital due to the severity of his injuries.
Part of Crabtree’s medical bills were paid by Medicaid. The doctors and hospital instituted suit against Limestone County to collect the remaining amount due. The case was heard by the court sitting without a jury. Judgment was rendered in favor of the hospital. The county filed a motion for a new trial, which was denied. As a result, the county appeals to this court.
The only issue presented for review is whether a county can be held responsible for medical services extended to one injured while being taken into lawful custody but •who had not been incarcerated in jail at the time the injury occurred.
Code 1975, § 14-6-19, provides that a sheriff or jailer must provide at the expense of the county medical attention to those prisoners unable to provide it for themselves. The only case construing this section is Malone v. Escambia County, 116 Ala. 214, 22 So. 503 (1897). In that case it was held that § 14-6-19 applied only to those who were confined in jail.
In the present case, Crabtree was never confined in jail. Even though he was in the custody of the sheriff, his injuries necessitated his transportation to a hospital rather than jail. Notwithstanding the fact that Crabtree was in the sheriff’s custody before and after his injuries, he was never placed in the jail and, in view of the supreme court’s holding in Malone, supra, we are bound to say that Limestone County is not responsible for Crabtree’s medical bills.
Limestone County is an instrumentality of the State of Alabama and is autho *794 rized to do only those things permitted or directed by the legislature of this state. Jefferson County v. Johnson, 333 So.2d 143 (Ala.1976); Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542 (1947). In the case at bar Limestone County has been authorized to pay the medical expenses of indigent prisoners only when they are confined to jail. Crabtree was not confined to jail when medical attention was provided to him; therefore Limestone County is not liable for his medical expenses.
We must confess that the result which we feel compelled to reach in this case is difficult to appreciate. Why should a distinction be made between a prisoner confined in jail and one in the lawful custody of the sheriff but not in jail so far as providing that person with medical attention? Although we fail to perceive a reason for such a distinction, the decision as to whether there is or is not such a distinction is not for us to decide. We are required to follow the decisions of the Alabama Supreme Court. Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972); Code 1975, § 12-3-16.
The judgment of the trial court is reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.