Employee appeals from an order of the Circuit Court of Etowah County reversing the Etowah County Personnel Board's decision requiring that he be reinstated as a deputy in the Etowah County Sheriff's Department. *Page 1362 
Employee, Harold Lockridge, was a deputy sheriff of Etowah County. He had been an employee of the Etowah County Sheriff's Department for thirteen years. On May 7, 1982 Mr. Lockridge requested that Roy McDowell, sheriff of Etowah County, grant him a leave of absence from June 5, 1982 through November 2, 1982 so that he could campaign for election to the office of sheriff of Etowah County. On May 11, 1982 Sheriff McDowell denied Mr. Lockridge's request, stating that the department could not spare him due to an existing manpower shortage in the department. On June 8, 1982 the Etowah County Commission enacted a resolution providing that employees would be granted a leave of absence to run for political office, if requested. The resolution qualified the Commission's grant of such requests "subject to this being within the authority of the Commission." On June 10, 1982 Mr. Lockridge took a "leave of absence" and reported back to work at the department on November 3, 1982. On this date Sheriff McDowell informed him that he (Mr. Lockridge) no longer had a job with the department since he voluntarily quit the job when he left on June 10th without the sheriff's consent.
On November 30, 1982 Mr. Lockridge requested a hearing before the Etowah County Personnel Board concerning his reinstatement in the sheriff's department. The Personnel Board had formerly refused to grant Mr. Lockridge a hearing, contending that Mr. Lockridge had voluntarily quit his job. The Board reasoned that, therefore, it could not review Mr. Lockridge's case since it was permitted to review "dismissals" only. The circuit court, however, ordered the Board to give Mr. Lockridge a hearing. The Board found that Mr. Lockridge had been de facto dismissed on November 3, 1982, the date upon which he reported back to work and was told by Sheriff McDowell that he had voluntarily quit. The Board initially concluded that it lacked jurisdiction to hear this matter, since Mr. Lockridge's appeal was untimely pursuant to section 9, 1971 Alabama Acts 203. However, the Board elected to proceed with the merits of the case, in the event that the above court order meant that jurisdiction was nevertheless present. The Board concluded that Mr. Lockridge should be reinstated, since Sheriff McDowell failed to allege good cause for Mr. Lockridge's dismissal pursuant to section 9, 1971 Alabama Acts 203. Sheriff McDowell then filed a petition for writ of certiorari in the Etowah County Circuit Court for a review of the Personnel Board's decision. Mr. Lockridge filed a petition for writ of mandamus in the Etowah County Circuit Court, asking that the Etowah County Commission and Sheriff McDowell be required to reinstate him to his position as deputy sheriff. The two actions were consolidated for trial. The court granted the writ of certiorari and, upon review, reversed the Personnel Board, finding that it had misapplied the law.
Mr. Lockridge appeals the decision of the circuit court. Appellees assert that Mr. Lockridge has no standing to appeal the order because he was not a party to the writ of certiorari. We disagree with this contention because Mr. Lockridge was a party to the original proceeding before the Personnel Board, which decision Sheriff McDowell appealed to the circuit court. Where an individual seeking an appeal was a party to the original proceeding which was subsequently reversed, and is adversely affected thereby, such individual has a right to appeal the reversal. See collected cases at 4 C.J.S. Appeal Error § 169, 183 (1957). Thus, Mr. Lockridge should be permitted to appeal the circuit court's order reversing the Personnel Board since he was a party to the original proceeding ordering that he be reinstated, and the reversal of that order adversely affects his rights.
Mr. Lockridge contends on appeal that the trial court erred in reversing the decision of the Etowah County Personnel Board after granting certiorari, since the Personnel Board's decision was supported by sufficient evidence. *Page 1363 
We have held that the review available after certiorari has been granted is limited to a consideration of the applicable law involved and whether the lower tribunal's ruling is supported by any legal evidence. Minton v. Personnel Board,406 So.2d 435 (Ala.Civ.App. 1981).
The trial court determined that the Personnel Board had erred in its decision to reinstate Mr. Lockridge, and reversed the Board's decision. Specifically, the trial court held that the Personnel Board made mistakes of law in determining that Mr. Lockridge was de facto dismissed and did not voluntarily leave his job when he failed to appear for work after being denied a leave of absence by Sheriff McDowell. The court concluded that the sheriff had the sole authority to grant a leave of absence and that the Etowah County Commission had no such authority. The circuit court thus concluded that Mr. Lockridge had voluntarily resigned from his position by absenting himself from his job without the sheriff's permission. Furthermore, the trial court determined that Mr. Lockridge's request for a hearing before the Personnel Board was not timely filed so that he was not entitled to a hearing. We affirm the trial court.
The dispositive issue on this appeal is whether the Personnel Board misapplied the law by deciding that Lockridge had been dismissed by the sheriff rather than having voluntarily left his job after being denied a leave of absence by the sheriff. Our determination of this issue centers around who had the authority to grant a leave of absence, and whether Mr. Lockridge was entitled to rely on a leave of absence granted by the Etowah County Commission. The controlling law on this matter is found in two acts passed by our legislature.
Act 318, Local Acts of Alabama 1947, p. 232, provides that the Etowah County Commission shall provide sufficient deputies for the sheriff and fix their compensation. The Act also gives the sheriff the power to fire his deputies at will.
Act 203, Acts of Alabama 1971, p. 496, creates the Etowah County Personnel Board and provides that no employee of an elected official of Etowah County shall be dismissed except for certain enumerated offenses. Should an employee of an elected official be dismissed, such employee is entitled to a hearing before the Personnel Board. After such hearing and upon a consideration of the evidence, the Board shall render its decision.
It is obvious that the sheriff did not dismiss Lockridge within the meaning of Act 203. The sheriff denied Lockridge's request for leave of absence on the ground he needed him to work, that the sheriff's department was short-handed. Then, when Lockridge reported back for work after several months' absence, the sheriff told Lockridge that he considered Lockridge's failure to report for work after being denied the leave of absence as a voluntary resignation. Nowhere in the record does it appear that the sheriff sent to Lockridge a written notice of dismissal containing one or more of the grounds for dismissal set out in Act 203. The uncontradicted evidence before the Board was that the sheriff considered Lockridge's absence from work as a voluntary resignation. Lockridge considered himself to be on leave of absence granted by the County Commission.
A county is an instrumentality of the state of Alabama and is authorized to do only those things permitted or directed by the legislature of Alabama. Limestone County, Alabama v. City ofHuntsville Hospital Board, 412 So.2d 792 (Ala.Civ.App. 1982). We are unable to find any authority, nor have we been cited to any, for the Etowah County Commission to promulgate work rules for the employees of the sheriff's office, especially the sheriff's deputies. In the absence of such authority, we are constrained to hold that the Etowah County Commission has no power to grant leaves of absence to the sheriff's deputies. The sheriff is the only official who has such authority. *Page 1364 
The sheriff exercised his authority by denying Lockridge a leave of absence, and, when Lockridge failed to report for work after learning of such denial, rightfully considered that Lockridge had voluntarily quit his job.
We agree with the circuit court that the Personnel Board misapplied the law by finding that Lockridge had been dismissed by the sheriff and was, thus, subject to the review provisions of Act 203. Mr. Lockridge voluntarily left his employment as a deputy sheriff and is not due to be reinstated.
The circuit court's judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.