Jimmy Brian SANDERS, Plaintiff,

v.

Michael Edward MILLER, Individually and as an Agent of Jackson County, Alabama; Jackson County, Alabama; the Jackson County Commission; City of Scottsboro, a Municipal Corporation of the State of Alabama; Steve Gutherie, Individually and as an Agent of the City of Scottsboro, Alabama; Sheriff Mike Wells, Individually and as an Agent of Jackson County, Alabama; Paul Mount, Individually and Formerly in his Capacity as an Agent of Jackson County, Alabama, Defendants.

No. CV–91–N–2804.

United States District Court,
N.D. Alabama, S.D.

April 13, 1992.

J. Allen Brinkley, Brinkley Chestnut & Aldridge; Jerrilee P. Sutherlin, John A. Wilmer, Walter Allen Kelley, Wilmer & Shepard; and Robert E. Patterson, Huntsville, AL, for plaintiff.

Daryl L. Masters, Bart G. Harmon, Mary E. Pilcher, Webb & Eley P.C., Montgomery, AL, and James W. Porter, II, Porter Porter

& Hassinger, Birmingham, AL, for defendants.

## MEMORANDUM OF OPINION

EDWIN L. NELSON, District Judge.

### I. Background

This is a civil action wherein the plaintiff, Jimmy Brian Sanders, asserts two claims pursuant to the provisions of 42 U.S.C. § 1983, two claims based on state tort law, and one claim based on the state constitution. This action is presently before the court on motions to dismiss filed by defendants Jackson County and the Jackson County Commission and by defendants Mike Wells, Paul Mount, and Michael Edward Miller. The motions have been fully briefed and are ready for decision.

### II. Plaintiff's Allegations of Fact

According to the complaint, plaintiff Sanders, who is a resident of Bridgeport, Alabama, was traveling in his 1978 Dodge Challenger on Tupelo Pike in Scottsboro, Alabama on August 28, 1990. At approximately 7:00 p.m., the plaintiff pulled his car off to the side of the road to retrieve several cassette tapes that had spilled onto the floor of the car as he rounded a curve in the road. (Complaint ¶ 10). While the plaintiff was rearranging the cassette tapes, defendants Michael Edward Miller and Steve Gutherie approached the plaintiff's vehicle and asked to see the plaintiff's driver's license. (Complaint ¶ 11). Defendant Miller is employed by the Jackson County Sheriff's Department. (Complaint ¶ 14). Defendant Gutherie is employed by the City of Scottsboro Police Department. (Complaint ¶ 15). They were, at all times material to the complaint, assigned to the Northeast Alabama Drug Task Force.

The complaint alleges that defendants Miller and Gutherie next asked plaintiff Sanders to get out of his car. (Complaint ¶ 11). When Mr. Sanders protested, Messrs. Miller and Gutherie allegedly used profanity and told the plaintiff to get out of his car immediately. (Complaint ¶ 12). Defendant Gutherie then searched the plaintiff's automobile without probable cause or legal excuse and without producing a search warrant. (Com-

plaint ¶ 12). Defendants Gutherie and Miller also searched plaintiff's person without probable cause or legal excuse and without producing a search warrant. (Complaint ¶ 13). Although he protested these violations of his constitutional rights, the plaintiff states that he did not physically resist either of the searches conducted by the officers. (Complaint ¶ 13). The complaint alleges that the defendants used grossly excessive force against his person causing him to suffer contusions, abrasions, and bleeding about his face and skull as well as a permanent loss of hearing. (Complaint ¶ 13).

### III. Plaintiff's Claims

The plaintiff alleges claims for (1) deprivation of due process of law under the Fourteenth Amendment to the United States Constitution, (2) unreasonable search and seizure under the Fourth Amendment, (3) assault and battery under the court's supplemental jurisdiction, 28 U.S.C. § 1367, (4) the state law tort of outrage under the court's supplemental jurisdiction, 28 U.S.C. § 1367, and (5) violation of the Thirty-Fifth Amendment to the Alabama Constitution under the court's supplemental jurisdiction, 28 U.S.C. § 1367.

### IV. Motions to Dismiss

### A. Standard of Review

■ The defendants argue that this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the plaintiff has failed to state a claim upon which relief can be granted. It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80, 84 (1957). The Supreme Court described the "limited" role of a federal court in reviewing the sufficiency of a complaint as follows:

> The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established

that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974). To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant's acts or omissions, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or the laws of the United States." *Emory v. Peeler,* 756 F.2d 1547, 1554 (11th Cir.1985). Vague and conclusory allegations of civil rights violations or conspiracies to violate civil rights are not sufficient and must, for that reason, be dismissed. *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir.1984).

**B. Jackson County and Jackson County Commission Motion to Dismiss**

■ The plaintiff seeks to hold both Jackson County and the Jackson County Commission liable because defendant Miller committed the alleged acts while allegedly acting as an agent and employee of the Jackson County Commission and as a representative of Jackson County on the Northeast Alabama Drug Task Force. (Complaint ¶ 14). Further, the complaint alleges that defendants Jackson County and the Jackson County Commission failed to prohibit or prevent defendant Miller from committing the alleged unlawful acts. Such allegations, however, are insufficient as a matter of law to state a cause of action against either Jackson County or the Jackson County Commission. The plaintiff's allegations are nothing more

than an attempt to hold Jackson County and the Jackson County Commission liable in their supervisory capacity under a respondeat superior theory, which is not a proper basis for liability in a section 1983 action. *Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir.1992).[1] Alternatively, the plaintiff seeks to impose liability on Jackson County and the Jackson County Commission because the individual defendants allegedly acted as the ultimate repository of the authority of the county. Thus, according to the plaintiff, the actions of defendants Wells, Miller, and Mount were the actions of the county regardless of the fact that the defendants were also state officers if sued in their official capacities. In support of this claim, the plaintiff relies on *Parker v. Williams,* 862 F.2d 1471 (11th Cir.1989), wherein the court held that the sheriff "acted as the ultimate repository of county of authority in establishing a personnel policy at the county jail." *Id.* at 1480. The court based its decision on a perceived "partnership" between the sheriff and the county in maintaining the county jail. *Id.* at 1479. The county was responsible for providing the physical jail facility as well as funds for upkeep and maintenance, and the sheriff was responsible for managing the jail, including various jail employees. *Id.* at 1478–79. The court concluded that, "[a]s a general principle, the county cannot be insulated from liability for constitutional violations occurring in the performance of its obligations by assigning the authority to perform those obligations to another party" or because its responsibilities for performing that service are vested in a state official. *Id.* at 1479.

■ The rationale in *Parker,* however, is inapplicable to the plaintiff's claim against

---

1. In *Dean v. Barber,* 951 F.2d 1210 (11th Cir. 1992), the plaintiff pretrial detainee who was assaulted by another inmate while in the county jail attempted to join the county commission as defendants on the basis that the county commission had control over all county property, including the jail, and knew or should have known of the conditions at the county jail. The court held that, even under a liberal construction, the plaintiff's allegations were insufficient to state a cause of action against the county commission under 42 U.S.C. § 1983 because the plaintiff sought to hold the commissioners liable in their supervisory capacity. The court reasoned that "[w]hile a supervisor may be held liable under section 1983

if the supervisor had personal involvement in the constitutional deprivation or if a sufficient causal connection exists between the supervisor's conduct and the constitutional violation, ... [the plaintiff] alleges no personal involvement or sufficient causal connection to support a section 1983 cause of action." *Dean,* 951 F.2d at 1215. The court concluded that the plaintiff's allegations were nothing more than an attempt to hold the commission liable under a respondeat superior theory, which is unavailable under section 1983. *Id.* (citing *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)).

Sheriff Wells, former sheriff Mount, and deputy sheriff Miller. There is no "partnership" between the county and the sheriff in the performance of the law enforcement function. The sheriff is vested with the exclusive statutory authority "to ferret out crime, to apprehend and arrest criminals and, insofar as within their power, to secure evidence of crimes in their counties and to present a report of the evidence so secured to the district attorney or assistant district attorney for the county." Ala.Code § 36–22–3(4). This includes the authority to hire, fire, train, and assign deputy sheriffs. *See Carr v. City of Florence,* 916 F.2d 1521, 1525–26 (11th Cir.1990); *Terry v. Cook,* 866 F.2d 373, 377 (11th Cir.1989). "A county is an instrumentality of the state of Alabama and is authorized to do only those things permitted or directed by the legislature of Alabama." *Lockridge v. Etowah County Comm'n,* 460 So.2d 1361 (Ala.Civ.App.1984). Unlike the situation in *Parker v. Williams,* the plaintiff has failed to cite the court to any legislative enactment which empowers Jackson County or the Jackson County Commission to perform any aspect of the law enforcement function otherwise delegated by statute to the county sheriff.[2] Thus, the court finds that the defendants did not act as the "ultimate repository of county authority" with respect to the plaintiff because the county has no statutory authority "to ferret out crime, [or] to apprehend and arrest criminals." The motion to dismiss filed by defendants Jackson County and the Jackson County Commission will be GRANTED.

## C. Wells, Miller, and Mount Motion to Dismiss

### 1. *Eleventh Amendment and Sovereign Immunity*

■ The plaintiff brings this action against defendants Wells, Miller, and Mount both individually and in their official capacities as agents of Jackson County, Alabama.

Defendants Wells, Miller, and Mount argue that the plaintiff's claims against them in their official capacities should be dismissed because the claims are barred by the eleventh amendment to the United States Constitution. The eleventh amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The Eleventh Amendment is an explicit limitation on the judicial power of the United States." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 119, 104 S.Ct. 900, 918, 79 L.Ed.2d 67, 91 (1984). The Supreme Court has held that "[t]he bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances . . . ." *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471, 479 (1977). The eleventh amendment prohibits federal courts from hearing both federal constitutional claims and pendent state law claims if such claims would result in an award of damages directly against a state or an official thereof. *Pennhurst,* 465 U.S. at 119–20, 104 S.Ct. at 918. Thus, it is now well settled that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Id.* at 121, 104 S.Ct. at 919. The court must look to state law to determine whether a state official is covered by eleventh amendment immunity. *Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Mt. Healthy,* 429 U.S. at 280, 97 S.Ct. at 572).

■ In *Parker v. Amerson,* 519 So.2d 442 (Ala.1987), the Alabama Supreme Court, construing Ala.Const. art. I, § 14, held that a sheriff is an executive officer of the state, and thus is immune from lawsuits under the

---

**2.** Excluding duties with respect to the county jail, which were discussed in *Parker v. Williams, supra,* the only statutory duty imposed on a county commission relating to the law enforcement function is a requirement that the commission "furnish the sheriff with the necessary quarters, books, stationary, office equipment, supplies,

postage and other conveniences and equipment, including automobiles and necessary repairs, maintenance and all expenses incidental thereto, as are reasonably needed for the proper and efficient conduct of the affairs of the sheriff's office." Ala.Code § 36–22–23.

state constitution, except for injunctive actions

(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker,* 519 So.2d at 443. In *Carr v. City of Florence, supra,* the Eleventh Circuit extended the sheriff's eleventh amendment immunity to deputy sheriffs "because of their traditional function under Alabama law as the sheriff's alter ego." *Carr,* 916 F.2d at 1527. Thus, all the plaintiff's claims for damages against defendants Wells, Miller, and Mount in their official capacities are due to be dismissed because the eleventh amendment prohibits an award of damages against both sheriffs and deputy sheriffs in their official capacities under Alabama law.[3] *See Carr,* 916 F.2d at 1525–27; *Parker v. Williams,* 862 F.2d 1471, 1475–76 (11th Cir. 1989). "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst,* 465 U.S. at 121, 104 S.Ct. at 919. The eleventh amendment bar operates regardless of whether the claim is based either on an alleged constitutional violation or on state law under the court's supplemental jurisdiction. *Id.* Defendants Wells, Miller, and Mount, however, may still be sued in their official capacities for injunctive relief and in their individual capacities for damages. *Parker,* 862 F.2d at 1476.

■ The plaintiff argues that defendants Wells, Miller, and Mount are not sued in their official capacities as state officers, but rather in their individual capacities and their capacities as *agents* of Jackson County. The plaintiff apparently intends to use the term "agent" to contend that, for certain purposes, these defendants were the "final repository of county policy-making authority." (Plain-

tiff's Memorandum in Opposition to Motion to Dismiss at 9). Thus, the plaintiff argues that the Complaint does not raise the issue of whether Wells, Miller, or Mount are entitled to eleventh amendment immunity. The plaintiff's argument, however, misses the point. The proper inquiry for "determining whether a public official is a state official within the protection of eleventh amendment immunity" is "whether an award of damages would be paid with state funds." *Carr,* 916 F.2d at 1526. Because an award of damages against an Alabama sheriff would come from the state treasury, the eleventh amendment bars an award of damages against sheriffs or deputy sheriffs in their official capacities. *See Carr,* 916 F.2d at 1526–27. The motion to dismiss will be GRANTED with respect to the plaintiff's constitutional and pendent claims for damages against defendants Wells, Miller, and Mount in their official capacities.

### 2. *Respondeat Superior*

■ Defendants Wells and Mount argue that the plaintiff's claims against them are based on a theory of respondeat superior because the plaintiff has failed to plead any facts which indicate that Wells or Mount participated in or condoned the acts which are the basis of the alleged deprivation. (Defendants' Amended Memorandum in Support of Motion to Dismiss at 5). Although the defendants' argument is correct as a matter of law, *see Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir.1990) ("It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior"), it is an incorrect characterization of the plaintiff's claims, at least with respect to former sheriff Mount. The plaintiff claims that defendant Mount acted unreasonably when he hired, assigned, and delegated duties to defendant Miller, who was "notorious for and with a reputation for depriving citizens of their constitutionally protected rights and for beating and brutalizing citizens and for using unreasonable force in the performance of his duties." (Complaint ¶ 19). The plaintiff also claims that defendant Mount should have provided proper training for defendant Miller and that the

---

**3.** Cf. *Hufford v. Rodgers,* 912 F.2d 1338 (11th Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991) (Florida sheriff not

entitled to eleventh amendment immunity in section 1983 action because he is a county officer rather than a state official).

training Mount provided Miller was "grossly insufficient." (Complaint ¶¶ 19, 20). The plaintiff's claims against former sheriff Mount arise out of the manner in which Mr. Mount performed his duties as sheriff and, therefore, are not based solely on a respondeat superior theory.

■ The plaintiff's claims against defendant Wells, while they apparently are based on a respondeat superior theory, nonetheless are sufficient to survive a motion to dismiss. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown*, 906 F.2d at 671. At this stage of the proceedings, the plaintiff can establish the requisite causal connection if he alleges a history of widespread abuse that would put a responsible supervisor on notice of the need to correct the alleged deprivation and that the supervisor has failed to do so. *Id.* "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id.* The plaintiff alleges (1) that defendant Wells was the Chief Deputy Sheriff of Jackson County at the time the alleged injuries occurred, (Complaint ¶ 6), (2) that defendant Miller was "notorious for and with a reputation for depriving citizens of their constitutionally protected rights and for beating and brutalizing citizens and for using unreasonable force in the performance of his duties," (Complaint ¶ 19), and (3) that Wells failed to prohibit or prevent Miller from committing the alleged unlawful acts. (Complaint ¶ 21). The plaintiff has alleged sufficient facts to survive a motion to dismiss because, if true, the allegations in the complaint may provide a sufficient basis for supervisory liability against defendant Wells. The motion to dismiss, therefore, will be DENIED to the extent that defendants Wells and Mount rely on respondeat superior as a basis for dismissal of the plaintiff's claims.

### 3. *Qualified Immunity*

■ Defendants Wells, Miller, and Mount argue that the plaintiff's claims against them in their individual capacities should be dismissed because they are entitled to the affirmative defense of qualified or "good faith" immunity. (Defendants' Amended Memorandum in Support of Motion to Dismiss at 5). The common law doctrine of sovereign immunity provides state officials with immunity from personal liability in certain situations. *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir.1990). Courts have held that officials who perform judicial, prosecutorial, or legislative functions are entitled to absolute immunity from suit. *Id.* at 1380; *Nixon v. Fitzgerald*, 457 U.S. 731, 744–47, 102 S.Ct. 2690, 2698–2700, 73 L.Ed.2d 349, 360–61 (1982). The doctrine of qualified immunity protects most other government officials from personal liability for actions taken in good faith pursuant to their discretionary authority. *Waldrop v. Evans*, 871 F.2d 1030 (11th Cir.1989).

In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. Thus, the doctrine of qualified immunity will protect a government official from suit "if the rights he allegedly violated were unclear at the time of his actions or he reasonably believed that what he was doing did not violate clearly established law." *Schmelz v. Monroe County*, 954 F.2d 1540 (11th Cir.1992) [1992 WL 28206, p. 8]. In order to impose liability on defendant government officials, the plaintiff must establish the absence of objective good faith by demonstrating that "the official's alleged misconduct was 'objectively unreasonable' in that it violated clearly established law." *Schopler*, 903 F.2d at 1380 (quoting *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738). Plaintiff Sanders has alleged facts sufficient to state a claim that the conduct of defendants Wells, Miller, and Mount was objectively unreasonable. Defendant Miller's actions, if true, would violate established principles of constitutional law. *See, e.g., Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)

(recognizing responsibility of government body to train its law enforcement officers, but holding that inadequacy of training may serve as basis for § 1983 action only where failure to train amounts to "deliberate indifference"); *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985) (en banc) (holding police officers liable under § 1983 for use of excessive force); *Fundiller v. City of Cooper City,* 777 F.2d 1436 (11th Cir.1985) (finding that plaintiff stated substantive due process claim for use of unnecessary and unreasonable deadly force by police officer). Thus, accepting the factual allegations in the plaintiff's complaint as true, the defendants Wells, Miller, and Mount are not entitled to a defense of qualified immunity. The motion to dismiss will be DENIED to the extent that the defendants rely on qualified immunity as a basis for dismissal of the plaintiff's claims.

## V. Conclusion

The motion to dismiss filed by defendants Jackson County and the Jackson County Commission will be granted because the claim against them is a thinly disguised effort to impose liability on a theory of respondeat superior, an improper basis for liability in an action under 42 U.S.C. § 1983. The motion to dismiss filed by defendants Wells, Miller, and Mount will be granted to the extent that the complaint states claims for damages against these defendants in their official capacities. The eleventh amendment prohibits suits for damages against Alabama sheriffs and deputy sheriffs in their official capacities. The motion to dismiss will be DENIED to the extent that defendants Wells and Mount rely on respondeat superior as a basis for dismissal of the plaintiff's claims because the plaintiff has alleged sufficient facts to state an independent cause of action against both Mount and Wells. Finally, the motion to dismiss will be DENIED to the extent that the defendants rely on the defense of qualified immunity because the plaintiff has alleged sufficient facts to show, if proven at trial, that the actions of defendants Wells, Miller, and Mount were objectively unreasonable.